IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EDGEAQ, LLC<br><br>               Plaintiff,<br><br>vs.<br><br>WTS PARADIGM, LLC,<br><br>               Defendant. | Civil Action No.:_____<br><br>JUDGE_____<br>MAGISTRATE JUDGE_____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff EdgeAQ, LLC files this original Complaint against Defendant WTS Paradigm, LLC ("Defendant"), alleging, based on its own knowledge with respect to itself and its own actions and based on information and belief as to all other matters, as follows:

## INTRODUCTION

1.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code to enjoin infringement and obtain damages from Defendant's unauthorized manufacture, use, sale, offer to sell, and/or importation into the United States for the subsequent use or sale of products or methods that infringe one or more claims of U.S. Patent No. 6,810,401, entitled Automated Configuration System and Method (hereinafter "the '401 Patent") and U.S. Patent No. 7,461,049, entitled Automated Configuration System and Method (hereinafter "the '049 Patent") which are owned by EdgeAQ, LLC.

1

## THE PARTIES

2.      EdgeAQ, LLC is a Delaware limited liability company having its principal place of business in Brentwood, Tennessee.

3.      EdgeAQ, LLC is the owner, by assignment, of all right, title, and interest in and to the '401 Patent, including the right to bring suit for patent infringement.

4.      EdgeAQ, LLC is the owner, by assignment, of all right, title, and interest in and to the '049 Patent, including the right to bring suit for patent infringement.

5.      Upon information and belief, Defendant is a Wisconsin limited liability company with its principal place of business located at 1600 Aspen Commons, Suite 500, Middleton, WI 53562.

6.      Upon information and belief, Defendant may be served this Complaint via its registered agent: Amanda L. Thomas, 1600 Aspen Commons, Suite 500, Middleton, WI 53562.

## JURISDICTION AND VENUE

7.      This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-285, among others.  This Court has subject matter jurisdiction over all causes of action set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

8.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. §§1391(b) and (c) and 1400(b) in that, upon information and belief, Defendant has done business in this District, has committed acts of infringement in this District, and continues to commit acts of infringement in this District, thus entitling EdgeAQ, LLC to relief.

2

9.      Upon information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Tennessee Long Arm Statute, due at least to Defendant's substantial business in this State and judicial district, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Tennessee and in this district. Defendant has sold and offered to sell infringing goods and/or services in this District and in the State of Tennessee.  Defendant's website includes a map which plots users of its goods and services, including many in the State of Tennessee.

**COUNT I**
**(INFRINGEMENT OF U.S. PATENT NO. 6,810,401)**

10.     EdgeAQ, LLC re-alleges and incorporates herein the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

11.     EdgeAQ, LLC is the owner, by assignment, of all right, title, and interest in and to U.S. Patent No. 6,810,401 ("the '401 Patent"), which issued from the United States Patent and Trademark Office on October 26, 2004, including the right to exclude others and to enforce, sue and record damages for past and future infringement. A true and correct copy of the '401 Patent is attached hereto as Exhibit A.

12.     The '401 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

**DIRECT INFRINGEMENT OF THE '401 PATENT**

13.     Defendant has directly infringed and continues to directly infringe one or more claims of the '401 Patent in this judicial district and elsewhere in Tennessee and the United States, including at least claims 6 and 7, by among other things making, using, offering for sale

3

and/or selling the infringing Centerpoint product configuration software system alone or in combination with its the "One Catalog. Everywhere." System (hereinafter the "Centerpoint System").

## INDIRECT INFRINGEMENT OF THE '401 PATENT
### (INDUCEMENT – 35 U.S.C. § 271(b))

14.     Based on the information presently available to EdgeAQ, LLC, absent discovery, and in the alternative to direct infringement, EdgeAQ, LLC contends that Defendant has, and continues to, indirectly infringe one or more claims of the '401 Patent by inducing direct infringement by users of its Centerpoint System.

15.     Defendant has had knowledge of the '401 Patent for at least a period of time during the period whereby Defendant has infringed the '401 Patent, including at least since service, or notice, of this action. On information and belief, despite having knowledge of the '401 Patent, Defendant has specifically intended for persons who acquire and use its Centerpoint System, including Defendant's customers, to acquire and/or use such devices in a way that infringes the '401 Patent, including at least claim 1, and Defendant knew or should have known that its actions were inducing infringement.

16.     Defendant instructs and encourages users to use its Centerpoint System in a manner that infringes the '401 Patent. For examples, see:

http://www.wtsparadigm.com/centerpoint/;

http://www.wtsparadigm.com/windows/;

http://www.wtsparadigm.com/doors/;

http://www.wtsparadigm.com/garage-doors/; and

http://www.wtsparadigm.com/window-fashions/.

4

In accordance with Fed. R. Civ. P. 11(b)(3), EdgeAQ, LLC will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## INDIRECT INFRINGEMENT
### (CONTRIBUTORY – 35 U.S.C. § 271(c))

17.     Based on the information presently available to EdgeAQ, LLC, absent discovery, and in the alternative to direct infringement, EdgeAQ, LLC contends that Defendant has, and continues to, indirectly infringe one or more claims of the '401 Patent by contributing to the direct infringement of users of its Centerpoint System.

18.     Defendant has had knowledge of the '401 Patent since at least service, or notice, of this action. Despite this knowledge, Defendant has knowingly sold, and continues to sell, its Centerpoint System even though such devices are not staple articles or commodities of commerce suitable for substantial non-infringing use.

19.     The only use demonstrated for Defendant's Centerpoint System on Defendant's website is an infringing use.  For examples, see:

http://www.wtsparadigm.com/centerpoint/;

http://www.wtsparadigm.com/windows/;

http://www.wtsparadigm.com/doors/;

http://www.wtsparadigm.com/garage-doors/; and

http://www.wtsparadigm.com/window-fashions/.

Defendant's Centerpoint System is especially made and/or adapted for use in infringing the '401 Patent.

20.     Upon information and belief, EdgeAQ, LLC has been irreparably harmed by Defendant's infringements of EdgeAQ, LLC's patent rights.

5

21.     EdgeAQ, LLC has complied with the statutory requirement of placing a notice of the '401 Patent on its product configuration products it manufactures and sells.

22.     Defendant's unauthorized and infringing uses of EdgeAQ, LLC's '401 Patent have threatened the value of this intellectual property because Defendant's conduct results in loss of EdgeAQ, LLC's lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented invention.

23.     The acts of infringement of the '401 Patent by Defendant have caused damage to EdgeAQ, LLC, and EdgeAQ, LLC is entitled to recover from Defendant the damages sustained by EdgeAQ, LLC as a result of Defendant's wrongful acts in an amount subject to proof at trial.

24.     The infringement of EdgeAQ, LLC's exclusive rights under the '401 Patent by Defendant will continue to damage EdgeAQ, LLC, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II
## (INFRINGEMENT OF U.S. PATENT NO. 7,461,049)

25.     EdgeAQ, LLC re-alleges and incorporates herein the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

26.     EdgeAQ, LLC is the owner, by assignment, of all right, title, and interest in and to U.S. Patent No. 7,461,049 ("the '049 Patent"), which issued from the United States Patent and Trademark Office on December 2, 2008, including the right to exclude others and to enforce, sue and record damages for past and future infringement. A true and correct copy of the '049 Patent is attached hereto as Exhibit B.

27.     The '049 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

## DIRECT INFRINGEMENT OF THE '049 PATENT

28.     Defendant has directly infringed and continues to directly infringe one or more claims of the '049 Patent in this judicial district and elsewhere in Tennessee and the United States, including at least claims 1, 2, 3, 4, and 5 by among other things making, using, offering for sale and/or selling the infringing Centerpoint product configuration software system alone or in combination with its the "One Catalog. Everywhere." System (hereinafter the "Centerpoint System").

## INDIRECT INFRINGEMENT
## (INDUCEMENT – 35 U.S.C. § 271(b))

29.     Based on the information presently available to EdgeAQ, LLC, absent discovery, and in the alternative to direct infringement, EdgeAQ, LLC contends that Defendant has, and continues to, indirectly infringe one or more claims of the '049 Patent by inducing direct infringement by users of its Centerpoint System.

30.     Defendant has had knowledge of the '049 Patent for at least a period of time during the period whereby Defendant has infringed the '049 Patent, including at least since service, or notice, of this action. On information and belief, despite having knowledge of the '049 Patent, Defendant has specifically intended for persons who acquire and use its Centerpoint System, including Defendant's customers, to acquire and/or use such devices in a way that infringes the '049 Patent, including at least claim 11, and Defendant knew or should have known that its actions were inducing infringement.

31.     Defendant instructs and encourages users to use its Centerpoint System in a manner that infringes the '049 Patent. For examples, see:

> http://www.wtsparadigm.com/centerpoint/;
>
> http://www.wtsparadigm.com/windows/;

7

http://www.wtsparadigm.com/doors/;

http://www.wtsparadigm.com/garage-doors/;

http://www.wtsparadigm.com/window-fashions/

In accordance with Fed. R. Civ. P. 11(b)(3), EdgeAQ, LLC will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## INDIRECT INFRINGEMENT
### (CONTRIBUTORY – 35 U.S.C. § 271(c))

32.     Based on the information presently available to EdgeAQ, LLC, absent discovery, and in the alternative to direct infringement, EdgeAQ, LLC contends that Defendant has, and continues to, indirectly infringe one or more claims of the '049 Patent by contributing to the direct infringement of users of its Centerpoint System.

33.     Defendant has had knowledge of the '049 Patent since at least service, or notice, of this action. Despite this knowledge, Defendant has knowingly sold, and continues to sell, its Centerpoint System even though such devices are not staple articles or commodities of commerce suitable for substantial non-infringing use.

34.     The only use demonstrated for Defendant's Centerpoint System on Defendant's website is an infringing use. For examples, see:

http://www.wtsparadigm.com/centerpoint/;

http://www.wtsparadigm.com/windows/;

http://www.wtsparadigm.com/doors/;

http://www.wtsparadigm.com/garage-doors/;

http://www.wtsparadigm.com/window-fashions/;

Defendant's Centerpoint System is especially made and/or adapted for use in infringing the '049 Patent.

8

35.     Upon information and belief, EdgeAQ, LLC has been irreparably harmed by Defendant's infringements of EdgeAQ, LLC's patent rights.

36.     Defendant's unauthorized and infringing uses of EdgeAQ, LLC's '049 Patent have threatened the value of this intellectual property because Defendant's conduct results in loss of EdgeAQ, LLC's lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented invention.

37.     The acts of infringement of the '049 Patent by Defendant have caused damage to EdgeAQ, LLC, and EdgeAQ, LLC is entitled to recover from Defendant the damages sustained by EdgeAQ, LLC as a result of Defendant's wrongful acts in an amount subject to proof at trial.

38.     The infringement of EdgeAQ, LLC's exclusive rights under the '049 Patent by Defendant will continue to damage EdgeAQ, LLC, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff EdgeAQ, LLC prays that the Court enter judgment in its favor and against Defendant, granting the following relief:

A.     That the Court enter judgment that one or more claims of the '401 Patent have been infringed either literally and/or under the doctrine of equivalents, by Defendant or by others to whose infringement Defendant has contributed and/or by others whose infringement has been induced by Defendant;

B.     That the Court enter judgment that one or more claims of the '049 Patent have been infringed either literally and/or under the doctrine of equivalents, by Defendant or by others to whose infringement Defendant has contributed and/or by others whose infringement has been induced by Defendant;

9

C.      That Defendant be ordered to pay damages adequate to compensate EdgeAQ, LLC for its acts of infringement, pursuant to 35 U.S.C. § 284;

D.      That EdgeAQ, LLC be awarded increased damages under 35 U.S.C. § 284 due to Defendant's willful infringement of the '401 and '049 patents;

E.      That the Court find that this case is exceptional and award EdgeAQ, LLC its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

F.      That Defendant, its officers, agents, employees, and those acting in privity with it, be permanently enjoined from further infringement, contributory infringement, and/or inducing infringement of the patent-in-suit, pursuant to 35 U.S.C. § 283;

G.      That Defendant be ordered to pay prejudgment and post-judgment interest;

H.      That Defendant be ordered to pay all costs associated with this action; and

I.      That EdgeAQ, LLC be granted such other and additional relief as the Court deems just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff EdgeAQ, LLC demands a trial by jury of all issues triable of right by a jury.

Dated:  This 17th day of November, 2014.

WADDEY PATTERSON, P.C.

Matthew C. Cox (Bar No. 028212)
Edward D. Lanquist, Jr. (Bar No. 13303)
Nathan J. Bailey (Bar No. 026183)
1600 Division Street, Suite 500
Roundabout Plaza
Nashville, Tennessee 37203
Telephone: (615) 242-2400
Facsimile:  (615) 242-2221
mcc@iplawgroup.com
edl@iplawgroup.com
njb@iplawgroup.com

**OF COUNSEL**

Peter F. Schoenthaler
PETER F. SCHOENTHALER, P.C.
Bar No. 629789 (Georgia)
Bryan Baysinger
Bar No. 109022 (Florida)
3350 Riverwood Parkway
Suite 1900
Atlanta, Georgia 30339
Telephone: (404) 592-5397
Facsimile:  (404) 891-6120
pfs@pfslawgroup.com

Andrew Crain
THOMAS HORSTEMEYER
400 Interstate North Parkway SE
Suite 1500
Atlanta, Georgia  30339-5029
Telephone: (770) 933-9500
Facsimile: (770) 951-0933
Andrew.Crain@thomashorstemeyer.com

11